R. Jeremy Adamson (USB 12818)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
Facsimile: (801) 758-7436
jadamson@kba.law

*Attorneys for Defendant Beauty Industry Group Opco, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KATHERINE RASMUSSEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BEAUTY INDUSTRY GROUP OPCO, LLC, A Utah Limited Liability Company,<br><br>Defendant. | **DEFENDANT BEAUTY INDUSTRY GROUP OPCO, LLC'S ANSWER TO COMPLAINT**<br><br>Case No. 2:21-cv-00506<br><br>Judge: Tena Campbell |

## ANSWER

Defendant Beauty Industry Group Opco, LLC ("Defendant" or "BIG"), by and through its undersigned counsel, hereby submits this Answer to the Complaint filed by Plaintiff Katherine Rasmussen ("Plaintiff" or "Rasmussen"). Beauty Industry Group Opco, LLC, states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against BIG upon which relief can be granted.

## SECOND DEFENSE

Answering the numbered paragraphs of the Complaint (the "Paragraphs"), BIG responds as follows:

### PARTIES, JURISDICTION, AND VENUE

1. BIG lacks information regarding the truth of the allegations of Paragraph 1, and on that basis, BIG denies the same.

2. BIG admits the allegations of Paragraph 2.

3. BIG admits the allegations of Paragraph 3.

4. BIG denies the allegations of Paragraph 4.

5. BIG denies the allegations of Paragraph 5.

6. BIG admits the allegations of Paragraph 6.

7. BIG denies the allegations of Paragraph 7.

8. BIG lacks information regarding the truth of the allegations of Paragraph 8, and on that basis, BIG denies the same.

9. BIG lacks information regarding the truth of the allegations of Paragraph 9, and on that basis, BIG denies the same.

### FACTUAL BACKGROUND

10. BIG admits that Plaintiff was hired on or about May 6, 2019.

11. BIG admits the allegations of Paragraph 11.

12. BIG denies the allegations of Paragraph 12 on grounds that they are incomplete and/or otherwise inaccurate.

13. BIG denies the allegations of Paragraph 13 on grounds that they are incomplete and/or otherwise inaccurate.

14. BIG denies the allegations of Paragraph 14.

15. BIG denies the allegations of Paragraph 15.

16. BIG admits that Plaintiff attended the CosmoProf convention in Las Vegas, Nevada on or about July 28, 2019 and that Vice President of Babe Hair, Tom Volk, also attended the convention.

17. BIG denies the allegations of Paragraph 17.

18. BIG denies the allegations of Paragraph 18.

19. BIG denies the allegations of Paragraph 19.

20. BIG denies the allegations of Paragraph 20.

21. BIG denies the allegations of Paragraph 21.

22. BIG denies the allegations of Paragraph 22.

23. BIG denies the allegations of Paragraph 23.

24. BIG denies the allegations of Paragraph 24.

25. BIG denies the allegations of Paragraph 25.

26. BIG denies the allegations of Paragraph 26.

27. BIG denies the allegations of Paragraph 27.

28. BIG admits that Plaintiff's job performance was poor and that Volk and others recognized Plaintiff's job performance deficiencies at various times both prior to and after September 2019. BIG denies the remaining allegations of Paragraph 28.

29. BIG denies the allegations of Paragraph 29.

30. BIG denies the allegations of Paragraph 30.

31. BIG denies the allegations of Paragraph 31.

32. BIG denies the allegations of Paragraph 32.

33. BIG denies the allegations of Paragraph 33.

34. BIG denies the allegations of Paragraph 34.

35. BIG admits that email correspondence exchanged between Tom Volk, Plaintiff, and others acknowledged Plaintiff's poor job performance. Such emails speak for themselves. BIG denies that any comments were "demeaning," and BIG otherwise denies the remaining allegations of Paragraph 35.

36. BIG denies the allegations of Paragraph 36.

37. BIG denies the allegations of Paragraph 37.

38. BIG admits that Plaintiff was given a Performance Improvement Plan on or about November 21, 2019 and states that the Performance Improvement Plan speaks for itself. BIG denies the remaining allegations of Paragraph 38.

39. BIG denies the allegations of Paragraph 39.

40. BIG denies the allegations of Paragraph 40 on grounds that they are incomplete and otherwise inaccurate characterizations of the alleged conversation.

41. BIG denies the allegations of Paragraph 41.

42. BIG denies the allegations of Paragraph 42.

43. BIG denies the allegations of Paragraph 43.

44. BIG denies the allegations of Paragraph 44.

45. BIG admits the allegations of Paragraph 45.

46. BIG denies the allegations of Paragraph 46.

47. BIG denies the allegations of Paragraph 47.

48. BIG admits the allegations of Paragraph 48.

49. BIG denies the allegations of Paragraph 49.

50. BIG denies the allegations of Paragraph 50.

51. BIG admits the allegations of Paragraph 51.

52. BIG denies the allegations of Paragraph 52.

53. BIG denies the allegations of Paragraph 53.

54. BIG denies the allegations of Paragraph 54.

55. BIG denies the allegations of Paragraph 55.

56. BIG denies the allegations of Paragraph 56.

57. BIG denies the allegations of Paragraph 57.

58. BIG denies the allegations of Paragraph 58.

59. BIG admits that Mr. Melick began working for BIG in or about November 2019. BIG denies the remaining allegations of Paragraph 59.

60. BIG denies the allegations of Paragraph 60.

61. BIG denies the allegations of Paragraph 61.

62. BIG denies the allegations of Paragraph 62.

63. BIG denies the allegations of Paragraph 63.

64. BIG denies the allegations of paragraph 64

65. BIG denies the allegations of Paragraph 65.

66. BIG denies the allegations of Paragraph 66.

67. BIG denies the allegations of Paragraph 67.

68. BIG denies the allegations of Paragraph 68.

69. BIG denies the allegations of Paragraph 69.

70. BIG denies the allegations of Paragraph 70.

71. BIG denies the allegations of Paragraph 71.

72. BIG denies the allegations of Paragraph 72.

73. BIG denies the allegations of Paragraph 73.

74. BIG denies the allegations of Paragraph 74.

75. BIG denies the allegations of Paragraph 75.

76. BIG denies the allegations of Paragraph 76.

77. BIG denies the allegations of Paragraph 77.

78. BIG admits that Plaintiff was terminated on or about January 7, 2020, but not for any discriminatory, retaliatory, or unlawful reasons. BIG denies the remaining allegations of Paragraph 78.

79. BIG denies the allegations of Paragraph 79.

80. BIG denies the allegations of Paragraph 80.

81. BIG denies the allegations of Paragraph 81.

82. BIG denies the allegations of Paragraph 82.

83. BIG denies the allegations of Paragraph 83.

84. BIG denies the allegations of Paragraph 84.

85. BIG denies the allegations of Paragraph 85.

86. BIG denies the allegations of Paragraph 86.

87. BIG denies the allegations of Paragraph 87.

88. BIG lacks information regarding the truth of the allegations of Paragraph 88, and on that basis, BIG denies the same.

89. BIG denies the allegations of paragraph 89.

90. BIG denies the allegations of Paragraph 90.

FIRST CAUSE OF ACTION
(Discrimination in Violation of Title VII of the Civil Rights Act)

91. In response to Paragraph 91, BIG incorporates by reference all answers and assertions set forth in response to all other paragraphs of the Complaint.

92. In response to the allegations of Paragraph 92, BIG responds that the language in the referenced statute speaks for itself. BIG otherwise denies the allegations of Paragraph 92.

93. BIG denies the allegations of Paragraph 93.

94. BIG denies the allegations of Paragraph 94.

95. BIG denies the allegations of Paragraph 95.

96. BIG denies the allegations of Paragraph 96.

97. BIG denies the allegations of Paragraph 97.

98. BIG denies the allegations of Paragraph 98.

99. BIG denies the allegations of Paragraph 99.

100. BIG denies the allegations of Paragraph 100.

## SECOND CAUSE OF ACTION
(Unlawful Harassment/Sexual Harassment in Violation of Title VII of the Civil Rights Act)

101. In response to Paragraph 101, BIG incorporates by reference all answers and assertions set forth in response to all other paragraphs of the Complaint.

102. BIG denies the allegations of Paragraph 102.

103. BIG denies the allegations of Paragraph 103.

104. BIG denies the allegations of Paragraph 104.

105. BIG denies the allegations of Paragraph 105.

106. BIG denies the allegations of Paragraph 106.

107. BIG denies the allegations of Paragraph 107.

108. BIG denies the allegations of Paragraph 108.

109. BIG denies the allegations of Paragraph 109.

110. BIG denies the allegations of Paragraph 110.

111. BIG denies the allegations of Paragraph 111.

## THIRD CAUSE OF ACTION
(Retaliation in Violation of Title VII of the Civil Rights Act)

112. In response to Paragraph 112, BIG incorporates by reference all answers and assertions set forth in response to all other paragraphs of the Complaint.

113. In response to the allegations of Paragraph 113, BIG responds that the language in the referenced statute speaks for itself. BIG otherwise denies the allegations of Paragraph 113.

113. BIG denies the allegations of Paragraph 113 [sic].

114. BIG denies the allegations of Paragraph 114.

115. BIG denies the allegations of Paragraph 115.

116. BIG denies the allegations of Paragraph 116.

117. BIG denies the allegations of Paragraph 117.

## PRAYER FOR RELIEF

BIG denies that Plaintiff is entitled to any and all relief requested in Plaintiff's Prayer for Relief.

## THIRD DEFENSE

Plaintiff's claims fail based on the doctrine of unclean hands.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, release, estoppel, and/or laches.

## FIFTH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to mitigate her alleged damages, if any.

## SIXTH DEFENSE

The relief requested in the Complaint should be denied and the Complaint should be dismissed with prejudice, in whole or part, to the extent that Plaintiff's claims are barred by lack of or absence of injury or actual, realized damages.

## SEVENTH DEFENSE

BIG reserves its right to prosecute any or all of the defenses described herein as counterclaims, as contemplated by Federal Rule of Civil Procedure 8(c).

## EIGHTH DEFENSE

Plaintiff's claims should be denied to the extent that Plaintiff has failed to exhaust her administrative remedies. Without limitation, Plaintiff's claims should be barred to the extent that

the allegations in the Complaint go beyond the scope of the prior administrative charge that she filed.

## NINTH DEFENSE

The relief requested in the Complaint should be denied and the Complaint should be dismissed with prejudice, in whole or part, to the extent that the damages alleged were not the proximate cause of the conduct of BIG.

## TENTH DEFENSE

The relief requested in the Complaint should be denied based upon the same actor inference.

## ELEVENTH DEFENSE

The relief requested in the Complaint should be denied or limited to the extent that BIG's alleged conduct was not willful, malicious, or reckless.

## TWELFTH DEFENSE

Plaintiff never suffered any adverse employment actions as alleged in the Complaint.

## THIRTEENTH DEFENSE

All of the alleged employment decisions about which Plaintiff complains were made for legitimate, nondiscriminatory, and non-retaliatory reasons, and such reasons were unrelated to Plaintiff's alleged sex or any other status allegedly protected by law.

## FOURTEENTH DEFENSE

Plaintiff was not treated differently than other similarly situated, non-protected employees.

### FIFTEENTH DEFENSE

The relief requested in the Complaint should be denied based on the after-acquired evidence doctrine.

### SIXTEENTH DEFENSE

Plaintiff's claim may be barred, in whole or in part, by the statute of limitations.

### SEVENTEENTH DEFENSE

Any alleged discrimination was contrary to BIG's good faith efforts to comply with the law, and BIG had reasonable grounds for believing that its alleged acts did not violate the law.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *Faragher-Ellerth* defense.

### NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because of her at-will employment status with the Company at relevant times.

### TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the alleged employment decisions and actions were made or taken by individuals sharing the same protected class status(es) alleged by Plaintiff.

BIG reserves the right to assert further affirmative defenses and/or claims as the facts disclosed through discovery may make appropriate.

WHEREFORE, BIG respectfully requests that the claim against it be dismissed with prejudice on and on the merits, that Plaintiff take nothing thereby, that the Prayer for Relief contained in the Complaint be denied, that BIG be awarded its attorney fees and costs incurred in defending this action, and for such other and further relief as the Court may deem necessary, just, and proper under the circumstances.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, BIG demands a trial by jury on all issues that are triable by a jury.

DATE: November 1st, 2021

**KUNZLER BEAN & ADAMSON, PC**

 /s/ R. Jeremy Adamson
R. Jeremy Adamson
50 W. Broadway, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
jadamson@kba.law
*Attorneys for Defendant Beauty Industry Group Opco, LLC*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 1st day of November, 2021, I caused a true and correct copy of the foregoing **DEFENDANT BEAUTY INDUSTRY GROUP OPCO, LLC'S ANSWER TO COMPLAINT** to be submitted for electronic filing through the Court's CM/ECF system to the following:

Andrew W. Stavros
Andrew D. Fox
STAVROS LAW P.C.
8915 South 700 East, Suite 202
Sandy, Utah 84070
(801) 758-7604
andy@stavroslaw.com
*Attorneys for Plaintiff Katherine Rasmussen*

                                                                 */s/ Carrie Watters*
                                                                    Carrie Watters